IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE TAYLOR and CARLA MORENO, individually and on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 23-cv-16404<br>) |
| UNION PACIFIC RAILROAD COMPANY, | )<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §1441, 28 U.S.C. §1332(d), 28 U.S.C. §1453(b), and 28 U.S.C. §1446, submits this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, where it is now pending, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Union Pacific, states as follows:

## PROCEDURAL BACKGROUND

1. On October 20, 2023, plaintiffs Candace Taylor and Carla Moreno filed their original Complaint in the Circuit Court of Cook County, Illinois, captioned *Candace Taylor and Carla Moreno, individually and on behalf of themselves and all other similarly situated v. Union Pacific Railroad Company*, Case No. 2023 CH 08928.

2. In their Complaint, Plaintiffs allege that Union Pacific violated the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 ("GIPA"), when Plaintiffs applied for employment with Union Pacific. (Ex. A, Complaint ¶¶ 27-50). Plaintiffs allege Union Pacific asked employees and/or prospective employees to provide family medical histories as a condition of employment

and/or as part of the hiring process. (Ex. A ¶ 51). Plaintiffs allege that Union Pacific's practices were international and/or reckless (Ex. A ¶¶ 54), and that Union Pacific willfully violated GIPA (Ex. A ¶ 55).

3. Plaintiffs purport to state a claim for themselves as well as for "similarly situated individuals" (Ex. A ¶ 56), and seek to represent the following class:

> All individuals in Illinois, from the date within five years prior to the filing of this action, (1) who applied for employment with Defendant or were employed by Defendant, and (2) from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained genetic information, including family medical history, in connection with the person's application for employment or the person's employment with Defendant.

(Ex. A ¶ 57).

4. According to the Complaint, Union Pacific employs over 1,000 people in Illinois, "and it is believed that all or most of those individuals will fall within the proposed Class." (Ex. A ¶ 59).

5. On behalf of themselves and the proposed class members, Plaintiffs seek "statutory damages of $15,000 or actual damages, whichever is greater for each intentional and/or reckless violation of GIPA." (Ex. A ¶ 74).

6. In accordance with 28 U.S.C. §1446(a), attached within Exhibits A and B are copies of all process and pleadings that have been served upon Union Pacific. (Ex. A, B).

7. Pursuant to 28 U.S.C. §1446(b)(1), Union Pacific files this Notice of Removal within thirty days after the receipt by Union Pacific, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. This Court has original jurisdiction over this matter under 28 U.S.C. §1332(d)(2) as it is a class action where members of the class are citizens of different states as Union Pacific and in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2

## BASIS FOR REMOVAL – CLASS ACTION FAIRNESS ACT

8. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) because the putative class includes more than 100 members according to the Complaint, there is the necessary minimal diversity, and the matter in controversy exceeds $5,000,000. 28 U.S.C. §1332(d); *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). In addition, none of the exceptions to CAFA jurisdiction apply here.

### There are More than 100 Members of the Putative Class

9. This Court's original jurisdiction under CAFA does not extend to any class where the number of members of all proposed plaintiff classes, in the aggregate, is less than 100. 28 U.S.C. §1332(d)(5)(B).

10. Plaintiffs allege a class of "all or most" of "over 1,000 people" (Ex. A ¶ 59), and for which Plaintiffs allege willful violations of GIPA (Ex. A ¶ 55). Plaintiffs further allege that "there are at least 100 individuals that meet the class definition." (Ex. A ¶ 59). Thus, the limitations of 28 U.S.C. §1332(d)(5)(B) does not apply.

### There is Minimal Diversity Under 28 U.S.C. §1332(d)(2)(A)

11. Under 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of all civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

12. This action satisfies the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

13. According to the Complaint, Plaintiff Candace Taylor currently resides in Chicago, Illinois. (Ex. A ¶ 10). As such, Plaintiff Taylor is a citizen of Illinois.

14. According to the Complaint, Plaintiff Carla Moreno is a resident of Paso Robles,

3

California. As such, Plaintiff Moreno is a citizen of California.[1]

15. Union Pacific is a Delaware corporation and has its principal place of business in Omaha, Nebraska. Thus, for diversity and citizenship purposes, Union Pacific is a citizen of Delaware and Nebraska. 28 U.S.C. § 1332(c)(1).

16. This action satisfies the diversity of citizenship requirement set forth in 28 U.S.C. § 1332(d)(2)(A). Plaintiffs -- ostensible members of the class of plaintiffs -- are citizens of Illinois and California, which are states different than Union Pacific, a citizen of Delaware and Nebraska.

### The Matter in Controversy Exceeds $5,000,000

17. This action satisfies the matter in controversy requirement of 28 U.S.C. § 1332(d)(2).

18. Plaintiffs allege a class of "all or most" of "over 1,000 people" (Ex. A ¶ 59), and for which Plaintiffs allege willful violations of GIPA by Union Pacific. (Ex. A ¶ 55). Plaintiffs are seeking statutory damages of $15,000 "for each intentional and/or reckless violation" and for each member of the class. (Ex. A ¶ 74).

19. Statutory damages of $15,000 for each alleged violation for a class of "all or most .. [of] over 1,000 people"[2] would exceed $5,000,000. Even half the class size alleged in the Complaint would well exceed $5,000,000, and thus there is a "reasonable probability that the stakes exceed the minimum [matter in controversy]." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). As a result, while Union Pacific disputes the allegations in the Complaint, they are accepted for purposes of determining the matter in controversy under 28

---

[1] The Complaint alleges that while employed with Union Pacific, Plaintiff Moreno was "and individual citizen of the State of Illinois." (Ex. A ¶ 11). The citizenship of a natural person is determined by the state where they reside (*Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021)), and the court analyzes its jurisdiction at the time of removal (*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009)). As such, given that she now resides in California, Plaintiff Moreno is a citizen of California.

[2] A defendant is entitled to rely on the estimate of the class number as set forth in the complaint. *Roppo*, 869 F.3d at 581.

4

U.S.C. §1332(d)(2), and based upon the allegations in the Complaint, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### None of the Exceptions to CAFA Jurisdiction Apply

20. Even where the other elements are met, the provisions of CAFA allow for certain narrow exceptions where a district court "shall decline to exercise jurisdiction." 28 U.S.C. §1332(d)(4). However, this matter does not meet the criteria of either the "local controversy" exception under 28 U.S.C. §1332(d)(4)(A) or the "home state" exception under 28 U.S.C. §1332(d)(4)(B).

21. Union Pacific is the only defendant and is not a citizen of Illinois. Therefore, one of the necessary elements of the "local controversy" exception – that at least one defendant is a citizen of the State in which the action was originally filed – cannot be met. 28 U.S.C. §1332(d)(4)(A)(i)(II)(cc).

22. Union Pacific, as the sole and therefore "primary defendant," is not a citizen of Illinois, and thus the necessary elements of the "home state" exception – that "the primary defendants, are citizens of the State in which the action was originally filed" – cannot be met. 28 U.S.C. §1332(d)(4)(B).

### This Notice of Removal is Timely

23. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

24. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

25. In addition, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of

removal." 28 U.S.C. § 1446(b)(2)(B).

26. Union Pacific was served with the Complaint on November 1, 2023 (Ex. C, Affidavit of Service), and this Notice of Removal is filed within 30 days after service of the Complaint on Union Pacific.

27. Written notice of the filing of this Notice of Removal has been served upon Plaintiff's counsel. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

Dated: November 30, 2023                    Respectfully submitted,


                                            By:    /s/ Christopher S. Hennessy
                                                   One of the Attorneys for
                                                   Union Pacific Railroad Company


Christopher S. Hennessy (6237293)
Brittany D. Green (6339049)
COZEN O'CONNOR
123 N. Wacker Drive Suite 1800
Chicago, IL 60606
(312) 474-7900
chennessy@cozen.com
bgreen@cozen.com

## **CERTIFICATE OF SERVICE**

I, Christopher S. Hennessy, hereby certify that on November 30, 2023, I caused to be served a true and correct copy of the foregoing **Notice of Removal** upon the following counsel via email:

Edward A. Wallace
Mark R. Miller
Nicholas P. Kelly
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
eaw@wallacemiller.com
mrm@wallacemiller.com
npk@wallacemiller.com

David J. DiSabato
Kyle D. McClean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
ddisabato@sirillp.com
kmclean@sirillp.com

    /s/ Christopher S. Hennessy

LEGAL\63948210\1