IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE TAYLOR and CARLA MORENO, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Case No.: 23-cv-16404<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Gabriel A. Fuentes |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant Union Pacific Railroad Company ("Union Pacific"), by and through the undersigned counsel, and in support of its Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

1. On October 20, 2023, Plaintiffs Candace Taylor and Carla Moreno, filed a single-count Class Action Complaint against Union Pacific in the Circuit Court of Cook County, Illinois. (Doc. #1-1). In their Complaint, Plaintiffs claim that Union Pacific violated Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* ("GIPA") when, during the course of pre-employment physical examinations that were required as part of the hiring process, an employee of Union Pacific allegedly asked Plaintiffs about their family medical history. (Doc. #1-1 ¶¶ 28-38, 39-50).

2. On November 30, 2023, Union Pacific timely removed the Complaint to this Court. (Doc. #1). On December 12, 2023, this Court granted Union Pacific's motion for extension of time to respond to Plaintiffs' Complaint (Doc. #8), with Union Pacific's responsive pleading due on January 5, 2024. (Doc. #9).

3. Union Pacific now moves to dismiss Plaintiffs' Class Action Complaint under Fed.

R. Civ. P. 12(b)(6) for failure to state a claim.

4. First, Plaintiffs fundamentally fail to state a claim under GIPA because they do not -- and cannot -- allege that their "genetic information" was used as a "means of discrimination." Plaintiffs also cannot plead themselves -- or on behalf of others -- past the inadvertent exclusion contained within GIPA. 410 ILCS 513/25(g).

5. Beyond these fatal defects, Plaintiffs fail to state a claim because the information requested and received does not amount to "genetic information" under GIPA. Plaintiffs also fail to a state a claim because they failed to sufficiently plead how they were "aggrieved" by the alleged request for family medical history, not can they so plead based on the factual allegations in the First Amended Complaint.

6. Plaintiffs have not pleaded facts sufficient to prove either negligence or recklessness/intentionality. Finally, Plaintiff Moreno's Complaint is untimely under either potentially applicable statute of limitations.

7. For these reasons, Union Pacific moves to dismiss Plaintiffs' Complaint.

8. Union Pacific has filed a separate Memorandum of Law in support of this Motion.

WHEREFORE, Defendant Union Pacific Railroad Company respectfully requests that this Court enter an Order dismissing Plaintiffs' Complaint, with prejudice, as well as for such other relief as the Court deems appropriate.

Date: January 5, 2024                     Respectfully submitted,

                                                  By:   /s/ Christopher S. Hennessy
                                                       One of the Attorneys for Defendant

Christopher S. Hennessy (6237293) chennessy@cozen.com
Brittany D. Green (6339049) brittanygreen@cozen.com
COZEN O'CONNOR
123 N. Wacker Drive Suite 1800
Chicago, IL 60606
(312) 474-7900